IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BOBBIE TORRY,

    Plaintiff,

v.

J. NICKEL'S, D. MORGAN AND
KARI LLOYD,

    Defendants.

ORDER

Case No. 14-cv-479-wmc

    Plaintiff Bobbie Torry, a prisoner in the custody of the Wisconsin Department of Corrections, has filed a proposed civil complaint. Plaintiff requests leave to proceed without prepayment of the filing fee. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed *in forma paupers*, he will have to make an initial partial payment of the filing fee for this case. Plaintiff's initial partial payment cannot be calculated at this time because he has not submitted a certified copy of his inmate trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

    Plaintiff has submitted a variety of monthly statements from December 2013 to May 2014. These statements are insufficient to determine if plaintiff qualifies for indigency status because they are not certified and they do not cover the entire six-month period preceding the filing of plaintiff's complaint. Instead, plaintiff must submit a *certified* copy of a trust fund account statement for the *entire* six-month period immediately preceding the filing of his complaint.

For this case to proceed, plaintiff must submit the certified trust fund account statement no later than July 22, 2014. If I find that plaintiff is indigent, I will calculate an initial partial payment amount that must be paid before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2). Thereafter, plaintiff will be required to pay the balance of the filing fee in installments.

In addition, plaintiff has requested court assistance in recruiting counsel. Until the court has screened the complaint, a motion requesting the assistance of volunteer counsel is premature. Plaintiff may renew his request after this case has been screened required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A.

ORDER

IT IS ORDERED that:

1. Plaintiff Bobbie Torry may have until July 23, 2014 to submit a certified copy of his trust fund account statement for the period beginning approximately December 29, 2013 and ending approximately June 29, 2014. If, by July 23, 2014, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

2. Plaintiff's motion for assistance in the recruitment of counsel (Dkt. #4) is DENIED without prejudice.

Entered this 2nd day of July, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge